## No. 8414.

THE STATE OF LOUISIANA EX REL. HENRY WILLIAMS VS. JOHN PERTSDORF, CONSTABLE OF THE SEVENTH JUSTICE OF THE PEACE FOR THE PARISH OF ORLEANS.

A prisoner arrested by virtue of the *mittimus* of a committing magistrate, cannot, in an application for a *habeas corpus*, raise the question of the legality of said magistrate's title to office, when the latter is the regular incumbent *de facto*, acting and presiding over a tribunal of recognized legal existence and competency.

APPLICATION for writ of *Habeas Corpus.*

*R. G. Harris* for the Relator.

*A. E. Billings* for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is an application for a *habeas corpus.*

The relator charges that he was illegally arrested, confined, and is held for an offense within the appellate jurisdiction of this Court, and that he is entitled to be restored to liberty.    The illegality propounded consists in this : that the *mittimus* is signed by one I. W. Falls, who has ceased to be a committing magistrate, and who was replaced by one A. P. Keller, under executive appointment, the term of office for which Falls had been elected, commissioned and qualified having expired, and Keller having been commissioned and qualified and being in the discharge of his functions.    The return of the constable is, substantially, that the *mittimus* is in due form and signed by one in authority.

From the showing made, it appears that Falls was elected and commissioned in December, 1878, to serve under the law, for the term of two years, or until his successor be duly commissioned and qualified; that there was no election at the expiration of the term for which he was elected and at the time when one should have been held; that the Executive has, in November, 1881, appointed and commissioned A. P. Keller his successor, his term of office having expired; that Keller upon being commissioned and qualified, entered upon the duties of a committing magistrate and acts in that capacity; that Falls has continued to act as committing magistrate, and that both Falls and Keller are each recognized, to some extent, by the authorities.

It is, therefore, manifest, that a question of title to the office is raised by the issues.    It cannot be agitated in this proceeding, either by the relator or by the respondent, or even by Keller, had he been made formally a party to this proceeding and had he joined issue.

The only questions which can be presented in a *habeas corpus* proceeding are issues between the State and the prisoner.    The remedy cannot be converted into one for a *quo warranto* or *certiorari.*

It is sufficient that the prisoner was committed and is held by the authority of one who was duly elected, commissioned and qualified, and who has continued unmolested, under color of office, at least in the discharge of the functions of a committing magistrate, presiding over a tribunal of recognized legal existence and competency.    33 An. 263; State vs. Carroll, 38 Conn. R.; State vs. Douglas, 50 Mo. 593.

It is not because another person was appointed and commissioned and has qualified as the successor of Falls and claims to be in office

that Falls has ceased to be a committing magistrate.  It may be, on the one hand, that such person is entitled to the office by virtue of his appointment, while, on the other, it is not impossible that Falls may have better rights to it.  That person is not recognized by Falls as his successor.

There exists between them a difference, a conflict of pretensions, exclusive the one of the other, which this Court, in this proceeding, cannot adjust, and which can only be inquired into by a court of original jurisdiction and under special legislation enacted for the speedy determination of such matters.

The right of a prisoner in a *habeas corpus* case to put at issue the existence and competency of the court from which the mandate issued is formally recognized, 32 An. 1234; 28 An. 82; C. P. 822 (1); but, in such a proceeding, he is precluded from raising an issue affecting the right of a regular incumbent *de facto*, who holds over as presiding over such a court, when its existence or jurisdiction is not questioned.  If the right to hold office be contested, it must be disputed at the instance of the State, in the manner and form pointed out by law.  It is a mistake to suppose that it is the duty of everybody to attend to public affairs.  34 An. 263; Wells on Jurisdiction, p. 158; 122 Mass. 445; 25 Ark. 624; 3 Head, Tenn., 690; 29 Pa. St. 138; Acts 1873, No. 11.

As to the prisoner it is indifferent who is entitled to the office.  The cause of his uneasiness is his detention for judgment.  But, for the law, it suffices that he is confined under the *mittimus* of an officer holding over at least *de facto*, whose authority neither the State nor any one else, not even Keller, has so far judicially attacked.

If, however, a mere usurper should, without *any* color of right, attempt to imprison a person, the legality of the restraint could be inquired into on *habeas corpus.*  17 Wis. 528; 29 Pa. St. 129.

It has been decided that a question of title to an office could not be raised in a *mandamus* proceeding.  High on Ex. Rem. 77; 29 An. 399; 12 An. 719; 21 An. 18, 336.

It was also held that such a question cannot be inquired into on a *habeas corpus* granted in favor of a party arrested on a writ issued by an acting officer *de facto* holding over.  Sheean's case, 122 Mass. 445, *ex parte* Strohl, 16 Iowa, 369; see, also, Russell vs. Whiting, N. C. L. No. 1, 463; 9 Wis. 264; 17 Wis. 521.

It is likewise settled that the authority of a judge *de facto* to hear a prosecution and convict the accused, cannot, on *habeas corpus* to procure a discharge of the accused, be questioned on the ground that the judge was not lawfully elected.  A direct proceeding to try his title is necessary.  *Ex parte* Call, 2 Tex. App. 560; C. P. 822; 2 Kent 23; 28 An. 82.

We, therefore, expressly decline to pass upon the question of title

to office, leaving it to be determined in due form at the proper time and place. We simply decide that the *mittimus* emanating from one who indisputably was elected and commissioned and qualified, and who has continued uninterruptedly to act as a committing magistrate, is sufficient authority to the respondent for the detention of the relator. See Hurd on Habeas Corpus, p. 293, and n. 4; p. 296, and note 2.

It is ordered that the application for a *habeas corpus* be refused and that the prisoner be remanded to custody to await his trial.

Mr. Justice POCHÉ, absent during the trial of this case, takes no part in this opinion and decree.