State vs. Williams.

No. 8924.

THE STATE OF LOUISIANA VS. ISAAC WILLIAMS.

The right of one who is not a mere trespasser, who acts under color of right as the Judge of a court, cannot be attacked collaterally. Direct and regular proceedings by the State are necessary.

The complaint that the Judge in a criminal case has improperly overruled a motion for a new trial will not be considered when not presented in a bill of exception.

APPEAL from the Twelfth District Court, Parish of Rapides. *Black-man,* J.

*J. C. Egan,* Attorney General, for the State, Appellee.

*H. L. Daigre* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant was prosecuted for, and found guilty of, shooting with a dangerous weapon, with intent to kill and murder. He appeals from the judgment sentencing him to two years at hard labor in the State penitentiary.

I.

He complains that his motion to quash the indictment and that for a new trial, on the ground of newly discovered evidence, were overruled.

The motion to quash attacks the right of the person who officiated as the District Judge to act in that capacity.

Such right cannot be assailed in that form. Direct and regular proceedings are indispensable in the name of the State, when the person acts under color of right. It is a mistake to suppose that it is the right or privilege of every citizen to champion, even in informal and collateral proceedings, rights which the State can alone assert. See 33 An. 1413, and authorities there cited.

It is not claimed that the person filling the office of District Judge, and who acted in this case, is a mere trespasser or usurper, without any *color* of right.

On the contrary, it appears that he was elected under a law expressly passed for the purpose of the election.

The objection to the constitutionality of that law, raised by the defendant, cannot be considered at his instance in this proceeding.

II.

The record does not show that any bill of exception was reserved to the ruling of the Judge, denying the motion for a new trial. This was necessary. 32 An. 842, State vs. Nelson.

Judgment affirmed.