LECHE, J.
This suit was instituted to enjoin the action of the police jury of La Salle parish in selecting and locating the line of a public road in that parish.
Plaintiffs do not question the authority of police juries to lay out, establish, build, and maintain public roads within the confines of their respective parishes. Such power has been lodged in the various police juries in this state since the creation of our state government and has been continued to this day except in so far as part of that power and authority has been vested by the acts of the Legislature of 1921 (Acts Ex. Sess. 1921, Nos. 95, 120), in pursuance of the -articles of the present Constitution, in the State Highway Commission.
Their complaint in substance is that the president of the police jury of La Salle parish is the political enemy of petitioners, as well as of other citizens residing on the Olla-Rosefield road; that he is acting arbitrarily, with the intent to deprive them of the use and benefit of that road which they have worked and maintained for a number of years, and to further deprive them of the benefit of a $65,000 fund voted by the taxpayers for the purpose of graveling the Olla-Rosefield road. They further charge that a bond issue has been voted by the taxpayers of the parish under a resolution of the police jury appropriating $65,000 of said bonds for surfacing and graveling the Olla-Rosefield road; that the president of the police jury caused to be circulated a petition which was signed by a number of people who own no property, and on the faith of said petition he succeeded in getting four members of the police jury out of seven to adopt a resolution changing the course of said road. They further allege that, if the police jury is permitted to change the course of the Olla-Rosefield road, they will be deprived of the use of said road, lose the benefit of free rural mail delivery, and their property will be diminished in value, notwithstanding that their said property will be liable to taxation for the funding of the road improvement bonds; that it will cost more to build the proposed road as changed by the police jury; that the old road is of benefit to more people and that the police jury has no right to change or divert the course of said road after the bond issue has been voted. Upon these facts, which are alleged and argued in extenso in the petition, plaintiffs then pray that defendant be enjoined from changing the course of the Olla-Rosefield road, and, if changed, from spending thereon any of the proceeds of the bond issue appropriated for the purpose of surfacing and graveling said road, and that the resolution adopted by defendant changing the course of said road be declared null and void.
Defendant excepted to plaintiff’s petition on the ground that it failed to set forth a cause of action; then, with reservation, filed an answer admitting the issue of road improvement bonds in accordance with an election held in the parish of La Salle, and also-admitting the proposed change in the course of the Olla-Rosefield road, but denying the facts upon which plaintiffs rest their allegations of injury.
The district court refused the demand of plaintiffs, and they have appealed.
[1] The free exercise of the power and authority vested by the Constitution in each of the three departments of our government, without interference by any one with the others, is so fundamental that such question has long passed beyond the domain of discussion. This court has repeatedly refused to intrude upon the prerogatives of the law-making body of the state, or to meddle with the discretion-vested by law in the executive branch of the government. The execution of the law is intrusted to agencies selected by the people for that purpose, and it is only where such agencies commit abuses fraught with injustice and injury to their principals that the ju *1059 diciary will extend its arm of protection and check such abuse. Police juries have both legislative and executive functions to perform, and, being small bodies, close to the people, are ve'sted with large discretion in their sphere of action.
In the case of Murphy v. Police Jury of St. Mary, 118 La. 410, 42 South. 982, speaking of the discretion vested by law in police juries, we said:
“And, for the judiciary to meddle in such matters, save for the purpose of preventing fraud, oppression, or gross abuse of power, would he for it to invade the domain of other departments of the government, in violation of the express prohibitions of the Constitution.”
Plaintiffs concede that “courts are without right to interfere with the discretionary powers of a police jury in the exercise of its authority in the absence of fraud, gross abuse of power or oppression.”
Their contention here is that the acts charged constitute such fraud, gross abuse, and oppression. Viewed in the light of the evidence, we do not believe that these acts justify the court in overriding the judgment of the police jury and nullifying its action.
Plaintiffs no doubt believed when they voted for the bond issue that they would derive special benefits if the gravel road was laid in front of their premises, but the action of the police jury does not place them in a worse position than that occupied by any other taxpayer who is at some distance from such road. It would be impossible to provide every property owner with a gravel road on the edge of his property. The -interests of the public in general and of the largest number of people must be considered, and that is evidently what defendant did.
Plaintiffs in brief and argument accentuate the fact that the president of the police jury is hostile towards them. That may be true; but the issue here is whether the police jury as a -political body has grossly abused its discretion. All these matters were submitted to it, discussed and deliberated upon, and appear to us to have been decided without the exercise of fraud or oppression, no matter what may have been the personal feelings of the president of that political body towards the plaintiffs. So believing, we conclude that the judgment appealed from should be affirmed; and it is so ordered.