(96 South. 130)

(No. 25635.)

## STATE v. MITCHELL.

(Feb. 26, 1923. Rehearing Denied April 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. Grand jury ⬤�ín7 — Orders appointing jury commissioners held to give them color of title and make them officers de facto when in possession of offices.

Orders of judge appointing jury commissioners under Act No. 135 of 1898, § 3, when deposited in clerk's office, gave appointees color of title, and, when in actual possession of their offices thereunder, they were at least officers de facto.

2. Grand jury ⬤➙7—Title of de facto jury commissioners cannot be inquired into on motion to quash.

Where persons participating in selection of venire of grand jurors were at least jury commissioners de facto, their title to their offices cannot be inquired into collaterally for purpose of quashing indictment.

3. Grand jury ⬤➙7—Acts of de facto jury commissioners valid as to public and third persons.

The acts of jury commissioners who were at least officers de facto were valid as to third persons and the public.

4. Grand jury ⬤➙7—Statute requiring recording of orders appointing commissioners is directory.

Act No. 135 of 1898, § 3, providing that orders appointing jury commissioners shall be recorded in court's minutes, is directory, and failure to comply therewith does not affect title to office, or proceedings of jury commission.

5. Grand jury ⬤➙7—Commissioner's oath of office not invalidated by mistake in description of office.

That oath of office as jury commissioner described office as jury commissioner of particular ward, instead of the parish, was not fatal to its validity.

6. Grand jury ⬤➙7—That jury commissioner's appointment not marked "Filed" not fatal.

Where order appointing jury commissioner was received by clerk for filing but misplaced, and not marked "Filed," the omission was not fatal, as the purpose of such marking is to show that document is part of archives, and this may be shown by other evidence.

7. Jury ⬤➙82(2)—Not ground for quashing venire that commissioner had not resided in parish for sufficient period.

That jury commissioner de facto participating in drawing of venire of petit jurors had not resided in the parish for the required time is not ground for quashing venire.

8. Criminal law ⬤➙881(2)—Verdict for wounding less than mayhem held not responsive to charge.

A verdict for wounding less than mayhem is not responsive to a charge of striking, stabbing,

cutting, and thrusting with dangerous weapon with intent to kill.

Appeal from Fourth Judicial District Court, Parish of Lincoln; J. B. Crow, Judge.

Henry Mitchell was convicted of an offense, and he appeals. Affirmed.

Thomas S. Price, of Ruston, for appellant.

A. V. Coco, Atty. Gen., and S. L. Digby, Dist. Atty., of Farmerville (T. S. Walmsley, of New Orleans, of counsel), for the State.

OVERTON, J. Defendant was charged with having struck, cut, stabbed, and thrust Manse Smith with intent to kill. He was convicted of the offense, and sentenced to the penitentiary.

Defendant's first bill of exceptions is to the overruling of a motion to quash the indictment. This bill is not argued in defendant's brief, but nevertheless we have given it consideration.

The first ground of the motion to quash is that G. W. Brewster participated as a member of the jury commission in the selection of the venire of grand jurors from which was drawn the grand jury that returned the indictment in this case, when Brewster had not been appointed a member of that commission, and when the minutes of court did not show his appointment. The second ground is that J. P. Owen also participated in those proceedings as a member of the commission, when no order appointing him to the office appeared of record in the minutes of court.

The evidence shows that there were orders of court at the time the commission met, appointing Brewster and Owen jury commissioners; that the order appointing the former had been deposited with the clerk of court for filing and recordation, but by oversight had not been marked "Filed," and that neither order was of record in the minutes of court, when these members participated in the selection of the venire. The evidence also shows that the oath administered to Brewster was

administered as if the appointment had been as jury commissioner, for ward 5 of Lincoln parish, instead of for the parish of Lincoln.

[1-3] The trial judge was vested with power, under section 3 of Act 135 of 1898, to make the appointments. The orders making them were deposited in the clerk's office. The orders, thus deposited, were sufficient to give both Brewster and Owen color of title as jury commissioners. As they were in actual possession of their offices, under color of title, they were at least officers de facto. State v. Orville Smith (No. 25753) 96 South. 127,[1] this day decided. As such was the case, the title to their offices cannot be inquired into collaterally for the purpose of quashing the bill of indictment on the grounds under consideration. As they were de facto officers their acts as such were valid as to third persons and the public. State v. Smith, supra.

[4-6] While we do not think that the indictment may be thus quashed, yet we may say that we are of the opinion that the title of neither Brewster nor Owen to his office was defective. While section 3 of Act 135 of 1898 provides that orders, of the judge, appointing jury commissioners, shall be recorded in the minutes of court, this provision, we think, is merely directory, and, hence, the failure to comply with it cannot possibly affect the title of Brewster and Owen to their offices, or the proceedings of the jury commission, in which they participated. Section 3 of Act 44 of 1877 contained a provision similar to that of section 3 of the act of 1898, and, under the former, this court held the provision to be merely directory. State v. Taylor, 44 La. Ann. 783, 11 South. 132. The fact that the oath administered was as jury commissioner of ward 5 of Lincoln parish is an error not fatal to its validity. The error amounts to nothing more than a slight misdescription of the office, not sufficient to invalidate the oath. The appointment was for the parish of Lin-

---

[1] Ante, p. 577.

coln, and the intention was manifestly to qualify accordingly. The fact that the clerk did not mark the order appointing Brewster as filed is likewise not fatal. The record shows that the document had been received for filing and was kept in the office, but had been misplaced among other papers. The purpose of marking a document "Filed" is to show that it is a part of the archives of the office. This may be shown by other evidence when the clerk fails to thus indorse it. However, such oversights on the part of the clerk are not to be commended. Wheeling Pottery Co. v. Levi, 48 La. Ann. 777, 19 South. 752.

[7] The next bill of exceptions is to the overruling of the motion to quash the venire of petit jurors. The motion overruled is based on the ground that D. E. Moore participated in the proceedings of the jury commission, as a member thereof, in drawing the venire of petit jurors from which the jury would be selected to try defendant. The motion sets forth that, at the time Moore participated in the proceedings he had not resided in the parish for 12 months, and was not a qualified elector thereof. The question here raised is identical with that urged in the case of State v. Smith (No. 25753) 96 South. 127,[1] this day decided, and cited supra, except that the motion herein is directed against the array of petit jurors, while in the Smith Case the object in view was to quash the bill of indictment on the ground that Moore participated in the selection of the grand jurors, and his having done so, it was averred, made the grand jury that returned the bill illegal. The material facts, however, are the same. For the reasons given in the Smith Case, the motion to quash the venire will be overruled.

[8] The last bill is reserved to the refusal of the trial judge to charge the jury that one of the possible verdicts that could be returned was wounding less than mayhem. The court properly refused to give the charge. Such a verdict is not responsive to a charge of striking, stabbing, cutting, and thrusting with a dangerous weapon with intent to kill. State v. Murdoch, 35 La. Ann. 729; State v. Jacques, 45 La. Ann. 1451, 14 South. 213.

There are two other exceptions incorporated in the first two bills passed upon, which are not discussed by us, because not only are they not mentioned in defendant's brief, but there is no evidence to support them.

For the reasons assigned, the judgment appealed from is affirmed.