OVERTON, J.
 

 This is a suit for a writ of mandamus to compel defendant to execute for and on behalf of the La Salle parish school board a contract with relator, authorized by a resolution of the school board, employing him as principal of the Olla Standard Agricultural High School for the year beginning July 1, 1927, and ending July 1, 1928. The suit is based upon allegations showing that for the four years preceding July 1, 1927, relator was principal of said school; that on July 11, 1927, by a vote of the majority of the members of the school board, a resolution was passed fixing his salary as principal at $2,700 a year, the effect of which resolution, it is urged, was to re-elect him principal of said school for the year beginning July 1, 1927; that, in order that there could be no room for quibbling, the school board again elected relator principal of said school for said year, on October 3, 1927, by a vote of the majority of the full membership of the board, again fixed his salary at the sum stated above, and directed defendant to execute the contract covering the employment; but that, notwithstanding these resolutions, defendant, who, it is alleged, is de facto superintendent of public schools for the parish, refuses to execute the contract unless ordered to do so by the courts, although it is his ministerial duty to execute it, in his official capacity, for and on behalf of said school board, and although a contract covering the subject-matter of the employment was tendered him for signature.
 

 The resolutions electing defendant principal of said school are attached to relator’s petition. The first one adopted fixes the salary of relator at the sum of $2,700 for the 1927-28 session, and makes provision for its payment, without designating what the salary is for. This resolution was adopted by a vote of six to two, one member not- voting. The second resolution declares that it was the understanding at the time relator’s salary was
 
 *555
 
 fixed that he was elected as principal of said school for said school year, at the salary stated in the first resolution, said salary to be paid in monthly installments of $250 a month, and directs defendant, as acting superintendent of public education, to execute a contract with relator covering said employment, and directs him, as acting superintendent, to pay relator his salary from July 1, 1927, to October 3, 1927, this being the time that relator acted as principal of said school without a written contract, but under the directions of the board. This resolution was adopted by a vote of five to four, the full membership of the board consisting of nine members.
 

 The defense to the suit is that relator’s petition discloses no cause of action; that relator joined the state in a suit to oust defendant from the office of superintendent of schools, in which suit relator claims to be entitled to that office, and in which he alleges that defendant is a usurper; that because of these allegations relator is estopped from calling upon defendant, whom he does not recognize as de jure superintendent, to execute the contract; that a mere de facto superintendent cannot be called upon to execute a contract; that relator was not elected principal of the Olla Standard Agricultural High School by a majority of the .full membership of the board; that the resolution of October 3, 1927, re-electing relator principal of said school, received in reality only four votes; that S. A. Doughty, who east the fifth vote for the resolution, was not a legal member of the board; that the four remaining legal members voted against said resolution; that relator and others have blocked every effort to have Doughty removed as a member of said board; and that it is not the ministerial duty of defendant to execute a contract with relator for and on behalf of the school board, until relator fully and unqualifiedly acknowledges defendant as the de jure superintendent of schools, and acknowledges his own election to be null.
 

 The exception of no cause of action is based upon the grounds that relator does not allege that defendant is superintendent of schools, but that he is merely de facto superintendent ; that’he does not allege who is the de jure superintendent; and that no law of this state requires de facto superintendents to execute contracts with school teachers.
 

 There is, in our view, no merit in this exception. Whether defendant is superintendent de facto, or both de facto and de jure, it is his duty, so long as he holds the office or is permitted to hold it, to discharge the duties thereof. In fact, the law in looking to one in office to discharge the duties of the office does not look to ascertain whether he has a yalid right to the office, but whether ne is in office in fact and under color of right, or in other words whether he is an officer de facto. If he is, the law requires him to discharge the duties of the office during his tenure of it. The conclusion that he may be required to discharge these duties would seem to flow logically from the well-established principle that title to public office cannot be assailed collaterally. State v. Sadler, 51 La. Ann. 1397, 26 So. 390. If one in possession of office, under color of title, could not be required, during his incumbency, to discharge the duties of the office, the public might suffer until his title to it could be ascertained in a proper proceeding. The acts of an officer de facto are valid as to third persons and the public. Williams v. Police Jury, 160 La. 325, 107 So. 126; State v. Moreau, 153 La. 671, 96 So. 527. Our conclusion 'is, as stated, that the exception is not well founded.
 

 Nor do we think that relator is es-topped to demand that defendant sign the contract, because relator joined the state in a suit to oust defendant from office and to be himself decreed entitled to the office, und,er
 
 *557
 
 and by virtue of a resolution of tbe school board removing defendant and electing him to the office. The mere fact that relator concluded to accept again the principalship of the Olla High School after he had been elected superintendent of schools indicated that he had concluded to surrender all claims to his right to be superintendent. Moreover, relator, in open court, during the trial of this case, expressly renounced all claims he had to the office of superintendent, arising from the resolution of the school board electing him or from any other resolution of the board, and filed, so far as he was concerned, a motion to dismiss the ouster suit. Hence, from no standpoint is there any ground for an estoppel here.
 

 As
 
 relates to defendant’s contention that relator was qot elected principal of the. Olla High School by a majority of the full membership of the board, it is manifest that the resolution by which relator considers he was first elected was passed by a clear majority of the membership of the board, even without counting Doughty, whose right to sit on the board is contested, for that resolution received the vote of six of the nine members composing the board. However, that resolution, while it provides, as we have said, for the payment of relator’s salary for the session of 1927-28, does not state for what services the salary is to be paid, and the uncertainty which was apparently thereby occasioned gave rise to the second resolution, which expressly states, among other things, that the salary is to be paid relator as principal of the Olla High School. The second resolution, as we have also said, received five affirmative votes, three negative votes, the ninth member not voting. But in order for the vote in favor of the resolution to reach five, or to constitute the vote of a majority of the members of the board, it is neeessary to count Doughty’s vote, and the right of Doughty to sit on the board, as we have seen, is questioned by defendant.
 

 As to Doughty’s right to sit there, the only evidence that the record contains touching that right is his commission as a member of the board, issued by the Governor, and his oath of office. The commission may have issued irregularly, but, if so, there is no evidence in the record to show that fact. We must therefore recognize Doughty, in so far as this case is concerned, as a member of the board, or at least as a de facto member thereof. So recognizing him, we must give effect to his vote, -and giving effect to it we must hold that the second resolution was adopted by a majority of the membership of the board.
 

 Section 20 of Act 100 of 1922 gives school boards power to select teachers from nominations made by the parish superintendent and also power to select them without the indorsement of the superintendent by a vote of the majority of the full membership of the hoard. Section 23 of the same act makes it the duty of the parish superintendent to isign all contracts with teachers, and section 49 provides that no person shall be appointed to teach without a written contract for the scholastic year in which the school is taught. The duties falling upon relator, as we appreciate them, include teaching. Belator has been selected by a majority of the membership of the board, and not to require defendant, as superintendent, to sign the contract would be to permit him to override the law. In this instance the duty he is to perform is merely a ministerial one.
 

 The trial court rendered judgment ordering defendant to sign the contract. The judgment is correct. .
 

 Before closing it should be said that defendant has filed a motion in this court to remand the case for the purpose of establishing that the resolution of October 3, 1927,
 
 *559
 
 which was the second resolution selecting defendant as principal, has been repealed. A copy of the resolution purporting to effect the repeal is attached to the motion. Aside from the fact that this resolution was introduced for passage and voted on lifter the judgment of the trial court was rendered, it appears that the resolution received only four votes, which is less than a majority of the full membership of the board. As the resolution of October 3, 1927, required a vote of the majority of the membership to pass it, it follows that it is such a resolution as requires a majority of that membership to repeal it. The motion to remand is refused.
 

 Eor the reasons assigned the judgment appealed from is affirmed.