199 So. 117

WILSON v. LEE.

No. 35910.

Nov. 4, 1940.

J. Norman Coon, of Monroe, for plaintiff and appellant.

McIntosh & Sims, of Oak Grove, for defendant, appellee, mover.

LAND, Justice.

1. Counsel for defendant, Jesse E. Lee, appellee, has filed a motion in this court praying that the devolutive appeal taken by plaintiff, Eugene L. Wilson, to the Second Circuit Court of Appeal, 196 So. 373, and transferred to this court, be dismissed on numerous grounds.

The following order for a devolutive appeal appears at page 34 (Vol. I) of the Transcript:

"Oak Grove, La.,
"May 11th, 1939.

"Court met in regular session, there were present the Hon. C. J. Ellis, Judge, Hon J. Vernon Sims, District Attorney, W. S. Bassett, Sheriff, and Joel B. Dickinson, Clerk.

"Eugene L. Wilson Vs. No. 4271, Jesse E. Lee.

"Devolutive appeal granted to Second Circuit Court of Appeal, returnable on or before July 1st, 1939. Appeal bond fixed at $500.00.

"Court adjourned subject to call.
"Joel B. Dickinson,
"Clerk.                    C. J. Ellis,
                              "Judge."

Defendant, appellee, filed a motion in the Second Circuit Court of Appeal to dismiss the appeal on two grounds:

First: That the value of the property in dispute, or, in the alternative, the amount in

dispute exceeds $2,000, exclusive of interest, and the Supreme Court is therefore vested with appellate jurisdiction. Const.1921, Art. 7, Sec. 10.

Second: That the transcript had been filed too late by the appellant, Eugene L. Wilson.

This contention was overruled. The Second Circuit Court of Appeal, finding that the amount in dispute exceeded its jurisdiction, transferred the appeal to this Court, under the authority to transfer such appeal granted by Act No. 56 of 1904, as amended by Act No. 19 of 1912. Tr. pages 40, 41 and 42.

2. Among the numerous grounds urged by defendant, Jesse E. Lee, appellee, for dismissal of the appeal in this court, is the contention that the order granting the appeal herein is fatally defective, or in fact, no order at all, because no motion was made in open court for an appeal at the same term at which the judgment was rendered, nor was any petition for appeal filed in the lower court and service of citation of appeal made upon defendant and appellee, Jesse E. Lee.

These contentions are without merit, as clearly shown by the following entry in the minutes of the Fifth Judicial District Court for the Parish of West Carroll:

"Oak Grove, La.,
"June 24th, 1938.

"Court met in regular session, there were present the Hon. C. J. Ellis, Judge, Hon. J. Vernon Sims, Dist. Attorney, O. C. Roberts, Dy. Sheriff, and Joel B. Dickinson, Clerk.

"Eug. L. Wilson Vs. No. 4271, Jesse E. Lee.

"Case was taken up and tried, testimony was adduced by both plaintiff and defendant. Case being concluded, two weeks were allowed Court Reporter to make transcript of testimony. Ten days additional were allowed for briefs to be submitted. Case to be decided *during vacation. Appeal to be granted to both parties at the time the Court renders decision.*

"Court adjourned subject to call.

"*Joel B. Dickinson*
"Clerk.                    C. J. Ellis
                              "Judge."

Tr., Vol. I, page 33 (Italics ours).

As the case was to be decided *during vacation* and an appeal granted to both parties *at the time Court renders decision,* it is clear that the above order, which is not unusual in the district courts in the country parishes, did not contemplate the filing of a motion for appeal, or a petition for appeal and citation to the defendant, in order to secure an appeal in the case. Accordingly, when Court met at Oak Grove on May 11th, 1939, the following order was signed and entered:

"Eugene L. Wilson Vs. No. 4271, Jesse E. Lee.

"Devolutive appeal granted to Second Circuit Court of Appeal, returnable on or before July 1st, 1939. Appeal bond fixed at $500.00.

"Court adjourned subject to call.
"*Joel B. Dickinson*
"Clerk.                    C. J. Ellis
                              "Judge."

Tr. Vol. I, page 34.

3. Defendant and appellee, Jesse E. Lee, further contends, in the motion to dismiss the appeal, that the order granting the appeal is not identified with any final judgment, or with any judgment whatsoever.

The transcript shows that a final judgment was rendered, read and signed in open court March 6, 1939, in the present suit of Eugene L. Wilson vs. No. 4271 Jesse E. Lee, rejecting the demands of the plaintiff, Eugene L. Wilson, at his costs, and also dismissing the reconventional demand filed by the defendant, Jesse E. Lee, at his costs. Tr. Vol. I, page 27. The order granting the devolutive appeal specifically states that the appeal is granted in the case of "Eugene L. Wilson vs. No. 4271, Jesse E. Lee", and necessarily the appeal was granted from the final judgment entered in the case.

4. Defendant, appellee, further contends that the order granting the appeal does not state that the appeal is granted to or in favor of any party litigant, any party of interest, or any particular party or person. Defendant, appellee, is well aware of the fact that he has not appealed at all. The plaintiff is the only other party to this suit, and but one order for a devolutive appeal was granted in the case.

The plaintiff, Eugene L. Wilson, is fully identified by the transcript as the appellant in this case, by the execution by him of a devolutive appeal bond, with sureties, in the sum of $500, and by the statement in the appeal bond that "Eugene L. Wilson was granted an appeal in the case of Eugene L. Wilson Vs. No. 4271, Jesse L.

Lee, said suit being filed and tried in the Fifth Judicial District Court for the Parish of West Carroll", etc. The endorsement on the bond is as follows:

"Endorsement

"Eugene L. Wilson Vs. No. 4271, Jesse E. Lee.

"Appeal Bond

"Filed June 30, 1939.

"Joel B. Dickinson

"Clerk."

Tr. Vol. I, pages 35 and 36.

The appeal bond is clearly identified with the final judgment rendered in the case of Eugene L. Wilson Vs. No. 4271, Jesse E. Lee, and the contention to the contrary of defendant, appellee, is without merit.

5. The appeal bond is attacked by defendant, appellee, as fatally defective for want of the following essentials:

(1) It does not state or set forth, in substance, that it is given as surety that the appellant shall prosecute his appeal.

(2) It does not state or set forth, in substance, that the appellant shall satisfy whatever judgment may be rendered against him.

(3) It is not conditioned to secure the payment of costs, both of the Supreme Court and the inferior court.

(4) It is not dated.

(5) It does not contain or have annexed thereto an affidavit of the principal.

The complaint in this court by defendant, appellee, is that the appeal bond filed in this case is insufficient in amount or in-

correct by reason of errors or omissions therein.

■ It was the duty of defendant, appellee, to have served notice on plaintiff, appellant, in the lower court, and to have had the errors complained of corrected, by giving plaintiff, appellant, an opportunity to furnish a new bond prior to judgment. Defendant, appellee, failed, however, to take any such steps. Act No. 112 of 1916, Sections 2 and 3.

It is to be observed, under Section 3 of Act No. 112 of 1916, that a bond "insufficient either as to form or substance" may be corrected, and a new bond furnished by appellant in the court below.

It is provided in Section 9 of Act No. 112 of 1916: "That no appeal shall be dismissed, nor shall any writ, or other process be set aside on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond, or for the insufficiency of any surety, or sureties, on said bond, until the party furnishing such bond shall have failed to correct the error, inaccuracy or omission, or to have furnished, supplemental or additional bond, or surety or sureties, as hereinabove provided."

The transcript discloses no such failure upon the part of plaintiff, appellant. The appeal therefore cannot be dismissed upon the belated objections urged by defendant, appellee, as to the appeal bond given by plaintiff, appellant, in this case.

■ 6. The opinion of the Court of Appeal, Second Circuit, refusing to dismiss the appeal in this case, states that the transcript of proceedings in the Fifth Judicial District Court was filed in the appellate court on *November 14, 1939*. It is also stated in this opinion that: "Appellee complains under the motion to dismiss that the transcript as certified by the Clerk of District Court does not contain the answer and reconventional demand, and that such instrument is not listed in the index. True the mentioned document is not indexed in or a part of the certified record of this case, as asserted it was, however, attached to the transcript when filed here. Appeals are favored in law; and the appellant who was not responsible for the discussed defect, should be afforded the opportunity of effecting the necessary corrections rather than have his appeal dismissed. These can be made when complying with the order hereinafter entered," referring to the order transferring the appeal to this Court. Tr., Vol. I, page 42.

7. The judgment of the Second Circuit Court of Appeal was rendered *May 3, 1940*. The transcript of appeal was filed in the Supreme Court by the Clerk of this court *July 3, 1940*, and on the same date was returned to "Joel B. Dickinson, Clerk Fifth Judicial District Court," for corrections as to binding, omission of title pages, for an alphabetical index, to be placed in the back of Volume I, and for an index giving the names of the witnesses and on whose behalf they appear. These corrections, of course, were purely of a formal character, required by the rules of this Court. We find, in the alphabetical index to Vol. II of the transcript, that the answer and reconventional demand, the omission of which appellee complained in his motion to dismiss in the Second Circuit Court of Ap-

peal, are now incorporated in the transcript and are properly indexed as a part of same.

8. As already stated, the judgment of the Second Circuit Court of Appeal, transferring the appeal to this Court, is of date *May 3, 1940.* The certificate of Joel B. Dickinson, Clerk, to the corrected transcript is of date *May 31, 1940,* and certifies "That the foregoing pages numbered from one to two hundred and eighty six consecutively, constitute a true and correct transcript of all filings and court proceedings had in the suit styled Eugene L. Wilson v. No. 4271 Jesse E. Lee".

9. Defendant, Jesse E. Lee, appellee, attempts to convert the motion to dismiss the appeal in this case into an intrusion into office proceeding by presenting in this Court, for the first time on appeal, an ex parte affidavit signed by Ozell Jones, stating that affiant is the Clerk of the Fifth Judicial District Court, that he duly qualified as such, and assumed the duties of such office on the *4th day of June, 1940,* and that since that time Joel B. Dickinson has had no official connection with the office of Clerk and has not been employed in any capacity.

Affiant admits that Joel B. Dickinson was his predecessor in office and that, at no time, has affiant had possession of the original record in this case as the newly elected Clerk. The corrected transcript is of date *May 31, 1940,* and is duly certified to by Joel B. Dickinson as Clerk of the Fifth Judicial District Court. The date of the corrected transcript, as shown by the certificate of Dickinson as Clerk, is *prior* to the date of the alleged qualification of

affiant as Clerk on *June 4, 1940.* It is therefore clear that, on *May 31, 1940,* Dickinson was Clerk of the Court de jure, and had the sole and exclusive official custody of the transcript.

The Constitution of 1921, Article VII, Section 27, directs that "All cases on appeal to the Courts of Appeal shall be tried on *the original record, pleadings and evidence."* (Italics ours.)

Dickinson, as Clerk, deposited the original record, pleadings and evidence in the Second Circuit Court of Appeal, when the appeal was granted in this case. The Appellate Court ordered the record deposited in this Court when the appeal was transferred here, and the Clerk of this Court ordered the record returned to Dickinson, Clerk, for corrections. After corrections were made, Dickinson, Clerk, returned the record to this Court.

The Fifth Judicial District Court rejected the demands of plaintiff and dismissed defendant's reconventional demand by judgment rendered on March 6, 1939. On May 11, 1939, plaintiff asked for and was granted a devolutive appeal to the Second Circuit Court of Appeal, returnable July 1, 1939.

The original record of proceedings in the District Court was filed in the Second Circuit Court of Appeal November 14, 1939.

On April 1, 1940, when the case was called for oral argument in the appellate court, defendant, appellee, filed a motion to dismiss the appeal. The judgment of the Second Circuit Court of Appeal, 196

So. 373, refusing to dismiss the appeal and transferring same to this Court, was rendered on *May 3, 1940*. See opinion of Second Circuit Court of Appeal, Tr., Vol. I, pages 40, 41 and 42. The transcript in this case, from the filing of plaintiff's suit, July 31, 1936, up to and including the filing of the transcript in this court July 3, 1940, shows that Joel B. Dickinson was Clerk of the Fifth Judicial District Court, and had acted continuously in that capacity. Nor does the transcript contain any minute entry as to the qualification of Ozell Jones on *June 4, 1940,* as the successor of Joel B. Dickinson, Clerk of the Fifth Judicial District Court.

10. It is immaterial whether Joel B. Dickinson was acting as clerk, de facto, or both de facto and de jure. One's title to a public office cannot be assailed collaterally, as attempted in this case by defendant, appellee, and by Ozell Jones, the new claimant to the office of Clerk of the Fifth Judicial District Court. In State v. Hodges, 165 La. 552, 556, 115 So. 747, 749, the Court said:

"The exception of no cause of action is based upon the grounds that relator does not allege that defendant is superintendent of schools, but that he is merely de facto superintendent; that he does not allege who is the de jure superintendent; and that no law of this state requires de facto superintendents to execute contracts with school teachers.

There is, in our view, no merit in this exception. Whether defendant is superintendent *de facto, or both·de facto and de jure,* it is his duty, so long as he holds the office or is permitted to hold it, to discharge the duties thereof. In fact, the law in looking to one in office to discharge the duties of the office does not look to ascertain whether he has a valid right to the office, but whether he is in office in fact and under color of right, or in other words whether he is an officer de facto. If he is, the law requires him to discharge the duties of the office during his tenure of it. The conclusion that he may be required to discharge these duties would seem to flow logically from the well-established principle that title to public office cannot be assailed collaterally. State v. Sadler, 51 La. Ann. 1397, 26 So. 390. If one in possession of office, under color of title, could not be required, during his incumbency, to discharge the duties of the office, the public might suffer until his title to it could be ascertained in a proper proceeding. The acts of an officer de facto are valid as to third persons and the public. Williams v. Police Jury, 160 La. 325, 107 So. 126; State v. Moreau, 153 La. 671, 96 So. 527. Our conclusion is, as stated, that the exception is not well founded." (Italics ours.)

In Williams v. Police Jury, 160 La. 325, at pages 331 and 332 of the opinion, 107 So. 126, at page 128, cited supra, it is said by the Court:

"If we accept as true the allegations as to the disqualifications of these two members of the police jury, for the purpose of disposing of the exception of no cause of action, it is clear that they are de facto officers, and that their acts are valid in so far as they concern the public or the rights of third persons. State v. Sadler, 51 La.

Ann. 1397, 26 So. 390; State v. Moreau, 153 La. [671] 673, 96 So. 527; State v. Orville Smith, 153 La. 577, 96 So. 127; State v. Mitchell, 153 La. 585, 96 So. 130; State v. Rini, 151 La. 163, 91 So. 664; State v. Police Jury, 120 La. 163, 45 So. 47, 14 L.R.A. (N.S.) 794, 124 Am.St.Rep. 430.

"It is also well settled that the right of a de facto officer to exercise the functions of an office cannot be attacked collaterally, but that a direct proceeding to try title to the office is necessary. State v. Sadler & Campbell, 51 La.Ann. 1397, 26 So. 390; State v. Schuermann, 146 La. [110] 116, 83 So. 426; State v. Moreau, 153 La. 671, 96 So. 527; State ex rel. District Attorney v. Hingle, 124 La. 655, 50 So. 616; State v. Isaac Williams, 35 La.Ann. 742; State ex rel. Williams v. Pertsdorf, 33 La.Ann. 1411."

The ex parte affidavit, filed in this case by Ozell Jones, claiming to have been elected Clerk, as the successor of Joel B. Dickinson, is very far from being a direct proceeding against Joel B. Dickinson to try title to the office of Clerk of the Fifth Judicial District Court since, in fact, it is a mere collateral attack upon the right of Joel B. Dickinson, Clerk, to exercise the functions of his office.

■ 11. The minute entry on page 32 of the Transcript shows that Louis T. Dickinson was sworn as Special Court Reporter to take testimony on trial of the case. The certificate of Louis T. Dickinson, as special stenographer, is of date *November 9, 1938* and is as follows:

"I, Louis T. Dickinson, Special Stenographer, do hereby certify that the above and foregoing pages, numbered one (1) to one hundred and eighty three (183) inclusive, do contain a true and correct transcription of my stenographic notes of the evidence adduced and the proceedings had in the trial of the case of Eugene L. Wilson v. Jesse E. Lee, numbered 4271 on the Civil Docket of the Fifth District Court, West Carroll Parish, State of Louisiana, before Honorable C. J. Ellis, Judge of Fifth Judicial District Court, at Oak Grove, Louisiana, *on June 13th, 17th, 18th and 24th, 1938.*" (Italics ours.)

Judgment was rendered, read and signed in open court in the District Court March 6, 1939, the stenographic notes in the case having been transcribed *November 9, 1938.* The complaint of defendant, appellee, in his motion to dismiss the appeal, that the evidence was not filed in the District Court and, therefore, is not properly in the transcript, is not a sufficient ground for the dismissal of the appeal, as the appropriate remedy of mover would be to obtain an order of this Court to have the evidence filed in the District Court and included in a supplemental transcript. However, this is no longer necessary, as all of the evidence taken in the case is contained in the transcript already filed in this Court.

It is therefore ordered that the motion to dismiss the appeal in this case be denied and overruled.

O'NIELL, C. J., concurs in the result.

FOURNET, J., concurs in the decree.