Dear Mr. Williams:
Your inquiry of recent date addressed to Attorney General William J. Guste, Jr. has been directed to me for attention and reply.
I understand your question to be as follows:
Whether a duly appointed secretary of the Board of Examiners in Watchmaking would be entitled to his salary during the time period that the board was improperly constituted, i.e., more than one member appointed from a congressional district.
The members of the Board of Examiners in Watchmaking were appointed by the governor in accordance with R.S. 37:1582 and R.S. 37:1583. Three members of the board were appointed from the Fifth Congressional District apparently overlooking a one sentence requirement in R.S. 37:1582 which reads "there shall be no more than one member appointed or serving on the board from any one United States Congressional District".
I am informed that upon learning of the discrepancy and until such time as the board was properly constituted, the board voluntarily refrained from issuing all licenses and certificates which severely curtailed the board's revenues. During the time in question the secretary having been appointed according to R.S. 37:1585 continued to perform his duties as described in R.S. 32:1588. R.S. 37:1586 fixes the salary of the secretary at $3000 annually.
It is submitted that from the correspondence presented to me in telephone conversations with you and other interested parties that we have here a classic example of a de facto board as distinguished from a de jure board.
Our courts have long recognized the legal efficacy of a de facto officer or board where because of a legal deficiency the appointment of the officer or the institution of the board could be successfully challenged. Until challenged, the acts of the officer or board are considered valid acts. And the status of the affected officer or board could not be challenged collaterally but must be attacked directly.
State vs. Hargis (Sup.Ct.) 179 La. 623; 154 So. 628
State ex rel Floyd v. Hodges (Sup.Ct.) 165 La. 552, 115 So. 747
Michell vs. La. State Board of Optometry Examiners (La.App. 3)146 So.2d 863 (1962)
Feinblum vs. La. State Board of Optometry Examiner (La.App. 1)97 So.2d 657 (1957)
Fakier v. Picou (La.App. 1) 158 So. (2) 285 (1964)
And the cases cited therein.
Therefore, it is the opinion of our office that until as such time as the Board of Examiners in Watchmaking was legally constituted it was a de facto board whose acts were valid and that the secretary in question duly appointed and performing his duties according to law was certainly a de facto officer if not even a de jure officer and thus entitled to the compensation prescribed by R.S. 37:1586.
*2 If you have any further questions regarding this matter please contact our office.
Sincerely yours,
 William J. Guste, Jr. Attorney General
 By: Harry H. Howard Assistant Attorney General
La. Atty. Gen. Op. No. 83-897, 1983 WL 177318 (La.A.G.) END OF DOCUMENT