(86 South. 895)

No. 24364.

## STATE v. GLAUDE et al.

(Jan. 3, 1921).

*(Syllabus by Editorial Staff.)*

1. Jury ⚖═59(1)—Jury commissioners acting as road supervisors without taking oath not disqualified.

Jury commissioners who acted as supervisors of a road district, but who did not take the oath required by Const. art. 160, were never lawfully members of the board of supervisors of the road district, and therefore held no office which had the effect of vacating their appointment as jury commissioners.

148 LA.—12

2. Jury ⚖═59(1)—Jury commissioners, becoming road supervisors without taking oath, not disqualified.

If it can be said that one may become a road supervisor without taking the oath provided for by Const. art. 160, jury commissioners, who became road supervisors without taking such oath, were not disqualified as jury commissioners under Act No. 135 of 1898, § 3.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

John Glaude and others were convicted of cattle stealing, and appeal. Affirmed.

Edward V. Boagui and Alex M. Swords, both of Opelousas, for appellants.

A. V. Coco, Atty. Gen., and R. Lee Garland, Dist. Atty., of Opelousas (T. S. Walmsley, of New Orleans, of counsel), for the State.

DAWKINS, J. Defendants were charged with and convicted of cattle stealing in the court below. On this appeal, they present but one question, and that is as to whether or not two of the persons who acted as jury commissioners were legally competent. It is not disputed that the parties in question were once lawful members of the commission, but is contended that they subsequently vacated their offices as such by becoming supervisors of a road district.

[1, 2] The record shows that these men did actually serve and perform the duties of road supervisors, but they never at any time took the oath prescribed by law for all officers. Article 161 of the Constitution provides:

"Art. 161. Members of the General Assembly and all officers, before entering upon the duties of their respective offices, shall take the following oath or affirmation." (Oath omitted.)

Hence if they did not take the oath, they were never lawfully members of the board of supervisors for the road district, and were therefore holding no office which had the effect of vacating their appointment as jury commissioners. On the other hand, if it be

said that they did not have to take an oath as road supervisors, then they were not holding any other office which would have the effect of disqualifying them, under section 3 of Act 135 of 1898.

For the reasons assigned, the judgment appealed from is affirmed.