(96 South. 527)

No. 25711.

STATE v. MOREAU et al.

(April 2, 1923.   Rehearing Denied April 30, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Jury ⊛⟹59(2) — Commissioners acting as such were de facto commissioners.**

When jury commissioners claimed to have forfeited offices were still in possession of the offices under color of right, they were at least jury commissioners de facto, and their acts were valid so far as third persons and the public were concerned.

**2. Jury ⊛⟹59(2)—Whether jury commissioners de facto were also such de jure not inquired into collaterally.**

When jury commissioners were at least commissioners de facto, the question whether they were also such de jure cannot be inquired into collaterally to annul the proceedings of the commission, but only in an appropriate proceeding to which they are parties.

**3. Officers ⊛⟹104—Commission of act forfeiting office does not render acts invalid.**

That officer has committed act which in law operates as forfeiture of office does not render his acts invalid when he remains in possession of the office, so far as third persons and the public are concerned.

**4. Jury ⊛⟹59(1)—Commissioners held not to forfeit office by accepting other office without taking oath.**

Jury commissioners did not forfeit their offices by accepting appointment and acting as supervisors of roads where they had not taken the oath as supervisors of roads.

**5. Jury ⊛⟹59(1)—District judges should remove commissioners who have lost qualifications.**

District judges, who outside Orleans parish appoint and remove jury commissioners, should keep in touch with them through their clerks of court and remove any commissioner who has lost the required qualifications.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Thomas Moreau, charged with others with murder, was convicted, and appeals. Affirmed.

L. Austin Fontenot and James R. Pavy, both of Opelousas, for appellants.

A. V. Coco, Atty. Gen., R. L. Garland, Dist. Atty., of Opelousas (T. S. Walmsley, of New Orleans, of counsel), for the State.

OVERTON, J.   One of the defendants, Thomas Moreau, has appealed from the verdict of a jury convicting him of murder, and from a sentence to the penitentiary for life, based on that verdict.

When called for trial, Moreau filed a motion to quash the venire of petit jurors from which was about to be drawn a petit jury for the purpose of trying him.   The motion to quash is based on the ground that Gustave Fuselier and J. G. Lawler, two of the jury commissioners, who, it is alleged, participated in drawing the venire, had vacated their offices by accepting appointments as members of the boards of supervisors of their respective road districts, and by acting as members of those boards.   The trial judge overruled the motion to quash, and Moreau excepted to the ruling.

The motion does not question that Fuselier and Lawler were regularly appointed jury commissioners, but the contention is that they have vacated their offices by each accepting membership on the boards mentioned. It is admitted that, at the time the venire was drawn, they were still serving as jury commissioners.

[1, 2] As both Fuselier and Lawler at that time were still in possession of their officers as jury commissioners, and were in possession thereof under color of right, they were at least jury commissioners de facto; and as they were such de facto, the question as to whether they were also such de jure cannot be inquired into collaterally for the purpose of annulling the proceedings of the commis-

sion of which they were members, but may be inquired into only in an appropriate proceeding to which they are parties. It cannot be said, judicially, that they have forfeited their offices, without first giving them an opportunity to be heard, and until it has been judicially determined that they have forfeited them, or until they have been removed by the appointing power, which in this instance possesses the right to remove at pleasure; the acts of the commission of which they are members, if otherwise legal, must be considered valid in so far as third persons and the public are concerned.

[3] Because an officer has committed some act, which in law operates as a forfeiture of his office, but who nevertheless remains in possession thereof, does not render his acts invalid in so far as third persons and the public are concerned. Those acts are valid, if otherwise legal, as the acts of an officer de facto. Thus, it has been held that where a justice of the peace removed from the county for which elected, and thereby, under the statute, vacated his office, but nevertheless continued to discharge the duties thereof, he is a justice of the peace de facto, until ousted by legal proceedings, and his acts as such are valid within the rule above mentioned; and the same has been held true as to a judge or a justice of the peace, who has accepted an incompatible office, or has been elected to and accepted a seat in the Legislature, and has thereby vacated, under the law, his former office, but who has nevertheless continued to discharge its duties. Throop, Public Officers, § 631.

In State v. Sadler, 51 La. Ann. 1397, 26 South. 390, the defendants in a murder case sought to raise the issue that the trial judge had no right to sit in the case for the reason that he had forfeited his office by accepting another; but this court refused to inquire collaterally into the question of forfeiture, and held that, as he was, at least, an officer

153 LA.—22

de facto, his acts were valid as to third persons and the public.

In State v. Orville Smith, No. 25,753, ante, p. 577, 96 South. 127, this court re-examined the question as to whether the rule applicable to de facto officers should be applied to jury commissioners, the point there at issue being whether a bill of indictment could be quashed, by attacking the proceedings of a jury commission that selected the venire of grand jurors from which was drawn the grand jury that returned the indictment, on the ground that the chief deputy clerk of court acted, ex officio, as a member of the jury, commission, during the absence of the clerk of court, when he did not possess the qualifications required for a chief deputy clerk or for a jury commissioner, and it was held that, as he was actually in possession of his office under color of right, and was therefore an officer de facto, the indictment could not be quashed by bringing collaterally into question the validity of his title to the office. And, in State v. Mitchell, No. 25,635, ante, p. 585, 96 South. 130, the doctrine of the Smith Case was applied to an attack on the proceedings of a jury commission, in which it was contended that the proceedings of the commission were null, because, among other reasons, it was alleged that the oath taken by one of the commissioners was defective; but this court declined to sanction the attack.

On principle, such attacks should not be permitted, for while an officer has no property right to his office, yet he has such a right as the law respects, of which he cannot be deprived, except in an appropriate proceeding to which he is a party, or by the will of the appointing power, when that power possesses the right to remove without a hearing. When his acts are attacked, the law will go no further than to ascertain whether he was in possession of his office under color of right at the time they were performed, and if he

was, his acts, if otherwise legal, will be given full force and effect, in so far as respects the public and third persons. Not to give them such effect would be to endanger not only the interests of the public, but moreover would be to permit an officer to be virtually ousted from office, by destroying the efficacy of his acts, without giving him a hearing, and without the exercise of the will of the appointing power, when that power may remove without a hearing.

[4] While we are of the opinion that the collateral attack urged in this case cannot be maintained, still we may say that, were we called upon to determine whether Fuselier and Lawler had forfeited their offices, as jury commissioners, by accepting the appointment and acting as supervisors of roads, we would feel constrained to hold that they had not. There is evidence in the record, which is not contradicted, that neither has taken the oath as supervisor of roads. In State v. Glaude, 148 La. 353, 86 South. 895, it was held that members of a jury commission, who after their appointment as such, were appointed supervisors of a road district, but who, while they served as supervisors, did not take the oath as such, were never lawfully supervisors of the road district, because of their failure to take the oath, and hence did not vacate their offices as jury commissioners. And, in State v. Rini et al., 151 La. 163, 91 South. 664, the doctrine of the Glaude Case was applied in determining whether a jury commissioner, who, after his appointment as such, was elected clerk of a town council, and acted as clerk, though without taking the oath, and it was held that, as he had not taken it, he was not lawfully a clerk of the town council, and therefore had not vacated his office as jury commissioner.

[5] In concluding, we may say that, as district judges, except in the parish of Orleans, have the power to appoint and remove jury commissioners at pleasure, with the exception of the clerks of court and their chief deputies, when the latter become ex officio jury commissioners during the inability of the former to act, they should keep sufficiently in touch with their commissioners, which they may do through their clerks of court, to ascertain whether any of them have lost the qualifications required, and if they so find, they should remove them at once. The manner of upholding the law is not to quash the venire, and thereby punish the public by impeding the administration of justice and by needlessly increasing the cost of administering it, but by removing legally the disqualified member of the commission, his acts being valid as to third persons and the public until he is removed.

For the reasons assigned, the judgment appealed from is affirmed.