Nos. 241 and 242

First Circuit

JUMONVILLE v. POLICE JURY OF TAN-
GIPAHOA PARISH

(June 26, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Intervention—Par. 2.**

Under Article 390 of the Code of Practice
it is necessary for an intervenor to
allege a cause of action of his own
which will be subserved by the inter-
vention.

2. **Louisiana Digest—Parishes—Par. 23,
25, 26; Laws—Par. 81.**

Where the legislature provided that an
officer or official body shall appoint
an inferior officer or official body, and
provided no restriction on the power
of a motion, the appointing power has
authority to remove the inferior offi-
cer at his discretion and without
notice.

Appeal from the Twenty-first Judicial
District Court of the Parish of Tangipa-
hoa, Hon. Columbus Reid, Judge.

Action by James Jumonville against
Police Jury of Tangipahoa Parish, Stand-
ard Highway Company, intervenor. R. D.
Fellows against Police Jury of Tangipahoa,
Standard Highway Company, Inc., inter-
venor, consolidated. There was judgment
for plaintiffs and defendants appealed.

Intervention dismissed and judgment re-
versed.

Harry Gamble and S. S. Reid, of Amite,
attorneys for plaintiffs, appellees.

A. L. Ponder, Jr., and Sr., of Amite, at-
torneys, for defendants, appellants.

Benton and Benton, of Baton Rouge, at-
torneys for intervenor.

ELLIOTT, J.    On March 11, 1924, the
Police Jury of Tangipahoa Parish appoint-
ed James Jumonville, R. D. Fellows and
D. T. Evans, the Supervising Board of Con-
solidated Road District A.

This Board recommended to the Police
Jury that the contract for building and
gravelling a road in the district be award-
ed to one S. A. Gano and the Police Jury
acting on their recommendation awarded
the contract accordingly.    It afterwards
turned out that Standard Highway Com-
pany, Inc., had sent in to the supervisors
a bid for the same work in amount some
$17,000.00 less than the amount for which
the work had been awarded to Gano.

Standard Highway Co., Inc., contested
the award to Gano and the contract was
annulled and set aside by the courts. See
Standard Highway Co. Inc., vs. Policy Jury,
158 La. 294.

The Police Jury at their meeting, follow-
ing the decision of the Supreme Court by
resolution duly adopted, removed Jumon-
ville and Fellows from office.

Jumonville and Fellows then instituted
this suit against the Police Jury contend-
ing that the resolution was null and void
and of no effect.    That the Police Jury
had no power or authority to discharge
them.

That even if the authority existed it
could not be exercised except on proper
grounds and after petitioners had been
given notice and opportunity to appear and
be heard in defense.    That the charges set
out in the resolution were false and untrue
and had been adopted without notice to
them and without their knowledge.

They prayed for and obtained an injunc-
tion restraining the Police Jury from en-
forcing the resolution removing them, and
from interfering with them in the exercise
of their duties and for judgment of recog-
nition as supervisors.

The Police Jury in their answer admitted the appointment of plaintiffs, but denied that they had accepted the appointment and discharged the duties incumbent upon them as supervisors. They admitted removing plaintiffs without notice, and denied that their action was null and void and of no effect. They further alleged that the enumerated charges were true. That plaintiffs acting as the agents of the Police Jury had fooled them into accepting the Gano bid. That they presented the Police Jury with only one bid, that of said Gano, representing that it was the lowest bid, when such was not the case; and that they, acting on the faith of their recommendation, had awarded the contract to Gano and had thereby been placed in the attitude of violating the law. That plaintiffs created strife and confusion and inspired litigation to tie up the road work, which it was important to carry on in harmony and peace.

In an amended answer they urged that the Constitution makes Police Juries the governing authority over road districts; and that Act 99 of 1922, to the extent that it confers interfering authority on supervisors, if such construction be placed on the act, is unconstitutional and therefore null and void.

Standard Highway Co., Inc., intervened in the suits and joined the Police Jury in resisting the demand of the plaintiffs. It alleges that plaintiffs obstruct and interfere with it in the exercise of its rights under its contract with the Police Jury to construct and gravel the roads in said district. That plaintiffs fomented and inspired suits against it, are biased and prejudiced against it, preventing co-operation between them with resultant loss to intervenor and the tax payers.

Intervenor prays for judgment against plaintiffs rejecting their demand.

The plaintiffs moved to strike the interventions out, on the ground that intervenor has no interest in the suit.

The lower court rendered judgment in favor of plaintiffs and against intervenor, striking out its interventions, and in favor of the plaintiffs and against the Police Jury, holding that the ordinance removing plaintiffs was null and void and without effect, recognized plaintiffs as members of said Supervising Board and enjoined the Police Jury from interfering with them in exercise of their duties as prescribed by law.

The Police Jury and Standard Highway Co., Inc., appealed.

Standard Highway Co., Inc., insists that it has an interest which gives it the right to intervene. C. P., Art. 390.

When the contract which had been entered into between the Police Jury and Gano was set aside, the Police Jury awarded intervenor the contract for constructing and gravelling the road, as the lowest bidder for the work.

Intervenor makes various charges against plaintiffs which it will serve no useful purpose to enumerate further than has been done.

It is necessary for an intervenor to allege a cause of action of his own, which will be subserved by the intervention. It is not permissable to intervene merely for the purpose of taking sides. Intervenor's contract with the Police Jury is not involved in this suit. Intervenor's petition does not allege any legal cause of action against plaintiffs. No legal reason for intervention appears. The judgment striking out the intervention is therefore affirmed.

The Constitution, Sec. 1, Art. 19, provides that all officers, before entering upon the duties of their offices, shall take the oath which the Constitution prescribes. The record does not show that plaintiffs had qualified by taking the oath of an offi-

cer. Luikart vs. Yazoo & M. V. R. Company, 148 La. 349, 86 South. 894; State vs. Rini, 151 La. 163, 91 South. 664; State vs. Moreau, 153 La. 671, 96 South. 527.

The Police Jury denies that plaintiffs accepted the appointment and discharged the duties incumbent upon them as supervisors; but it is alleged and shown by the evidence, that plaintiffs acted as supervisors, without question, and that the Police Jury appointed two citizens of the road district as supervisors in their place. The plaintiffs were at least de facto officers. The new appointees are not parties to these suits and it does not appear that they have qualified by taking oath and are claiming the office of supervisors against the plaintiffs. These suits are consequently not intrusion into, or usurpation of office suits under the Revised Statutes, Sec. 2593, etc. Act No. 39 of 1873 and C. P., Art. 867, etc. It therefore seems that the decisions of the Supreme Court of this State on that subject have no application.

The Police Jury admits in their answer that plaintiffs were removed without notice or hearing, therefore the reasons which the Police Jury may have had for the amotion need not be discussed. The plaintiffs were appointed by the Police Jury without request or suggestion on the part of the tax payers, and the only question for decision is, whether the Police Jury had the power of amotion without notice and opportunity to appear and show cause to the contrary.

The Constitution, Sec. 14 of Art. 14 (c) makes police juries the governing authority in all matters appertaining to the incurring of debts, issuance of bonds for the purpose of building and constructing public roads and of the work of constructing and gravelling roads.

Section 6, Act 118 of 1921, provides that:

"The governing authority of districts and sub-road districts created hereunder shall be: over road and sub-road districts composed of territory wholly within the parish: The Police Jury of the parish."

Section 1 (amd Act 39 of 1922):

"The police jury may and shall, at the request of 50 per cent or more of the property tax payers, resident in any road district, appoint a supervising board of three property tax payers residing in said district, and the property tax payers thus requesting will have the right to suggest the names of the members of said supervising board, and in the event of a contest or failure to suggest, the police jury will exercise discretion of choice. The said supervising board shall have the power and authority if a road bond or tax is voted, to provide the specifications under the terms of this Act for road construction, and supervise the construction of said roads in said district. The supervisors shall be the agents of the police jury, in all matters pertaining to road construction in their respective districts.

"The supervisors of road districts shall elect a chairman and secretary from their own number who shall serve without pay. The supervisors shall meet each week during road construction; but only on call of chairman, after completion of construction, when their authority will extend to the making of recommendations to the police jury for the proper maintenance and repair of roads in the district. Supervisors, during construction, shall, with the concurrence of the police jury, approve all estimates of work before it is paid for by the governing body. The police jury shall retain supervisory authority in all matters appertaining to road construction, location and maintenance."

Sec. 8:

"The officers of the police jury of the parish in which the road district or sub-road district is located, shall be the officers of the road districts and ex-sub-road districts created thereunder.

"The police jury shall have power—To appoint all officers necessary to carry into execution the parish regulations, and to remove them from office." Revised Stat-

utes. Sec. 2743, No. 11 (amd Act 202 of 1902).

We are not aware of any law repealing or modifying this section of the Revised Statutes.

The Constitution, Sec. 14, of Art. 14 makes police juries the governing authority in all matters pertaining to the subject of incurring debts and voting bonds for road purposes, and in the construction and gravelling of public roads. The legislature cannot modify or restrict this authority.

The Act 99 of 1922, taking all of its provisions together, makes supervisors the agents of the police juries. They have no authority which they can exercise independent of, and which cannot be governed and controlled by the police jury.

Granting that the words of the Act "May and shall on request, etc." make it a mandatary duty on the part of the police jury to appoint supervisors, yet that requirement is not different from the law which makes it their duty to appoint their clerks, secretaries and a parish treasurer, and under ·Revised Statutes, Sec. 2743, No. 11, the police juries have the power to remove such officers at their discretion, and are not bound to assign reasons nor give notice to the appointee to show cause why they should not be removed.

The duty of supervisors under Act 99 of 1922 consists in advising and carrying out details and regulations concerning road construction and maintenance. Appointees with such duties are subject to removal. It is not possible to conclude that supervisors are not subject to removal by police juries. Their power is not restricted for cause only, and after notice and hearing. No statutory limitation of the right appearing, the power may be exercised at their discretion.

In Peters vs. Bell, 51 La. Ann. 1621, 26 South. 442, the city engineer of the City of New Orleans removed an assistant engineer who had been appointed by him under the law on the subject, without previous notice. The officer removed sued the city to compel payment of his salary, contending that the engineer could not remove him. The supreme court held that the city engineer, having appointed him, by virtue of the law on the subject and his appointment not being for any definite term, that the city engineer had the power to remove him without notice and without assigning any cause; there being no provision in the law to the contrary. The syllabus of the case reads in part:

"The power of appointment carries with it the power to remove, when the appointment is not made for a special term."

On page 1925 of the opinion the court said:

"Although as relates to the naked question of discharge, we are convinced that there is somewhere the power of removal of an officer of a municipal corporation. It is one of the inherent powers, and from the reason of things, from the nature of corporations and for the sake of order and good government the power is incidental."

Quoting Dillon on Municipal Corporations. According to this author, municipal corporations have the power of amotion at discretion when the appointment is during pleasure. In the same opinion· p. 1627, the court says:

"This brings us to the conclusion that the city engineer had the power to appoint his deputies, and that until the power was lodged elsewhere he had the right to remove them. When the officer is a deputy, whose tenure of office is not fixed, in the absence of any statutory prohibition, the power to remove him was incidental to the power of appointment." Citing authorities. Among the cases cited is In re Hennen, 13, pp. 230, 258, from which the Supreme Court quotes as follows:

"All offices, the terms of which are not

fixed by the constitution, must be held either during good behavior or during the life of the incumbent, or must be held at the will and discretion of some department of the government subject to removal at pleasure."

It cannot for a moment be admitted that it was the intention of the Constitution that those offices which are denominated inferior offices should be held during life; and if removable at pleasure, by whom is such removal to be made?

In the absence of all constitutional provision or statutory regulations to the contrary, it would seem a sound and necessary rule to consider the power of removal as incident to the power of appointment." In re Hennen, 13 p. 230, p. 258.

In Eckloff vs. District of Columbia, 135 U. S. 240, it appears that the Commissioners of the District of Columbia had power and authority to create offices, reduce the number of employees, remove from office and make appointments authorized by law. Acting under this authority the Commissioners removed a police lieutenant without charge, notice or hearing. The removal was carried to court, and speaking of the law on the subject of removal, the Supreme Court said:

"If this were all the legislation, there would be no question for a general power of removal carries with it the right to remove at any time or in any manner deemed best, with or without notice."

And on the next page:

"Full authority is given to the Commission, and in the absence of rules and regulations dictating a different procedure, its acts of summary dismissal cannot be challenged."

See also, Keim vs. U. S., 177 U. S. 290, pp. 293 and 294.

Regan vs. U. S., 183, U. S. 512.

Burnap vs. U. S., 252 U. S. 512.

In Ehret vs. Police Jury, 136 La. 391, 67 South. 176, the police jury removed its secretary. The secretary brought suit to recover his salary, contending that he had been employed for four years and was discharged after four months, without cause or ground of complaint. It is evident from the report of the case that no previous notice had been given him.

The court quoting Revised Statutes, Sec. 2743, No. 11, holds that the police jury has the right to summarily remove any officer by them appointed.

The syllabus of the case reads:

"The power of removal conferred by law upon police juries enters 'as much into the employment of a secretary as it does the power of appointment, and a police jury has no capacity to avoid the law or abrogate its own functions with respect to either. If it were otherwise, an outgoing police jury might impose upon its successors a secretary unacceptable to the new police jury, and not in sympathy with the policy of the body;" and quotes from Richard vs. Rousseau, 35 A. 923, in which a parish treasurer had been removed as follows: "In conferring on police juries the right of appointment and removal the legislature intended to enable those bodies, in cases of expediency and urgency, to act promptly for the protection and preservation of the public interest."

It is settled by authority that where the legislature provides that an officer or official body shall appoint an inferior officer or official body, and provided no restriction on the power of amotion, the appointing power has authority to remove the inferior officer at his discretion and without notice. Such being the case the defendant Police Jury had the power and authority without notice and at their discretion, to remove the plaintiffs, Jumonville and Fellows, from the Supervising Board of Consolidated Road District A, and the courts have no right to inter-

fere on account of the cause or merits of the matter.

The judgment appealed from is therefore annulled, avoided and set aside, and the demand of the plaintiffs, James Jumonville and R. D. Fellows against the Police Jury of the Parish of Tangipahoa, in their respective suits above mentioned, is rejected at their cost in both courts.