**(119 So. 410)**

No. 29518.

**STATE v. WALL.**

Nov. 26, 1928. Rehearing Denied Jan. 2, 1929.

Amos L. Ponder, Sr., of Amite, and J. S. McGuire, of McComb, Miss., for appellant.

Percy Saint, Atty. Gen., A. L. Ponder, Jr., Dist. Atty., of Amite, E. R. Schowalter, Asst. Atty. Gen. (Ellis & Ellis, of Amite, of counsel), for the State.

ST. PAUL, J. The defendant was indicted for the murder of one Percy Roberts, and was found guilty as charged. His appeal presents five bills of exception.

In overruling a motion for a new trial the trial judge said: "The evidence in this case disclosed conclusively that defendant carried into execution a wilful murder *for the purpose of preventing the deceased from appearing as a witness against defendant's son-in-law charged with arson in Mississippi.*" (Italics ours.)

We quote the above, especially the italicized portion thereof, for the purpose of better understanding the first bill of exception.

Bill of Exception No. 1 was taken to the overruling of an objection by the defendant to the introduction in evidence of a copy of an indictment against J. L. Sandell (son-in-law of defendant) duly authenticated according to the act of Congress, charging said Sandell with larceny before the circuit court for Pike county, Miss., on the ground that the accused was entitled to be confronted by the witnesses against him. And reliance is placed on State v. Wilson, 141 La. 404, 75 So. 95, Ann. Cas. 1918D, 789, and State v. Greene, 161 La. 620, 109 So. 143.

These cases are not applicable here. In those cases it was sought to prove by docu-

ments the facts recited in said documents but in their nature provable by parol evidence.

But in this case it is not sought to prove by the indictment any recital of facts therein contained, but merely rem ipsam, to wit, that such an indictment had been found; and a certified copy of such indictment was the best and only competent proof thereof.

And the constitutional guaranty to persons accused of crime, that they shall be confronted with the witnesses against them, is not applicable to the proof of facts in their nature essentially and purely documentary, and which can be proved only by the original, or by a copy officially authenticated in some way. 16 Corpus Juris, p. 837, § 2113, quoted in State v. Green, 161 La. 620, 109 So. 143.

The trial judge in his per curiam to this bill says: "I am of opinion that the document is properly authenticated and admissible. The testimony of Floyd Rice and Cade Carter, which was received without objection, shows conclusively that the motive for the killing of the deceased was that the deceased was a witness against accused's son-in-law, Sandell, who was charged in Mississippi with arson, and this document is merely corroborative of this evidence which was not objected to."

It is therefore clear that the indictment was offered for the sole purpose of proving rem ipsam, and was therefore clearly admissible.

Bill of Exception No. 2. The state asked a witness for the defense, on cross-examination, a question. The witness answered by a hearsay response, to which the defendant objected and asked that it be stricken out. The court overruled the objection for the following reasons: "The question was answered before any objection was made, and the court turned to the jury and instructed them to disregard any and all hearsay."

The contention is that the judge is contradicted by the note of evidence when he says he instructed the jury to disregard the hearsay answer. But the note of evidence makes no mention either way as to what the trial judge said or refused to say to the jury; and hence whilst it does not corroborate, it yet does not contradict what the trial judge says.

Bills of Exception Nos. 3 and 4 are without merit and are not insisted upon.

Bill of Exception No. 5 relates to the overruling of defendant's motion for a new trial. The bill is not briefed at length, and we see nothing in said motion which leads us to conclude that the trial judge abused his discretion in refusing a new trial.

### Decree.

The judgment appealed from is therefore affirmed.