175 So. 61

**STATE v. HUMPHREYS.**

No. 34300.

May 24, 1937.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Charles A. Byrne, Dist. Atty., Niels' F. Hertz, Asst. Dist. Atty., both of New Orleans, and Emmett Assenheimer, Sp. Asst. to the Atty. Gen., for the State.

ROGERS, Justice.

The defendant, L. B. Humphreys, was convicted and sentenced for engaging in the business of retail dealer in cigarettes without a permit and with having unstamped cigarettes in his possession, in violation of Act No. 4 of 1932, as amended by Act No. 52 of 1934. Defendant appealed, but he has submitted the case without brief or argument in support of his appeal.

Before arraignment, defendant filed a demurrer to the information, alleging that the statute so far as it applied to him was violative of clause 3 of section 8 of article 1 of the Federal Constitution and of section 1 of the Fourteenth Amendment thereof. The demurrer was overruled. After conviction, defendant filed a motion in arrest, predicated on the same grounds set forth in the demurrer. The motion in arrest was also overruled.

Neither of defendant's pleas shows wherein the statute on which the prosecution is based is unconstitutional as applied to him. We gather, however, from the per

curiam of the trial judge, that defendant contended the statute deprived him of his constitutional rights, because he was engaged in interstate commerce.

The question of whether the statute is constitutional is a question of law, but the question of whether the statute as applied to defendant is constitutional involves a question of fact.

The judge by whom the defendant was tried and convicted, as disclosed by his per curiam, found from the evidence that the defendant was not, as he contended, engaged in interstate commerce, but that defendant was engaged in business as a retail dealer in cigarettes in the city of New Orleans; that as such retail dealer he purchased outright, and for cash in advance, from a firm in Mobile, Ala., cigarettes, which he retailed on his own account, for his own profit and to his own customers, who were unknown to the firm in Alabama; that, when the cigarettes were delivered to defendant at New Orleans, they had ceased to be in transit, having reached their destination, and that defendant constantly had a stock of cigarettes on hand; that defendant had no permit to engage in business as a retail dealer of cigarettes, and the cigarettes in his possession were not stamped as required by the statute, and that defendant had no intention of attaching the required stamps to the cigarettes.

The record, therefore, does not present any distinct question of law, and the trial judge is the sole judge of the facts on the question of defendant's guilt or innocence.

For the reasons assigned, the conviction and sentence appealed from are affirmed.