ROGERS; Justice.
 

 The defendant, Wilson Martin, appeals from his conviction and sentence for unlawfully possessing and having under his control a narcotic drug — three capsules of heroin — in violation of Act No. 14 of the Second Extra Session of 1934, as amended by Act No. 82 of 1938. The statute, as provided in section 25 thereof, is designated as the Uniform Narcotic Drug Act.
 

 Subsequent to his conviction but prior to his sentence, defendant filed a motion in arrest, attacking the constitutionality of Act, No. 14 of the Second Extra Session of 1934. The trial judge sustained the motion, holding that the part of section 2 of the legislative act, which makes it a crime for a person to possess any of the named narcotics, was unconstitutional, and that its constitutional defect was not cured by the adoption of Act No. 82 of 1938. The State appealed and this Court, holding that section 2 of Act No. 14 of the Second Extra Session of 1934 was constitutional, set aside the ruling of the trial judge and remanded the case for further proceedings. State v. Martin, 192 La. 704, 189 So. 109.
 

 After the case was remanded and before he was sentenced, defendant filed a
 
 *1139
 
 supplemental and amended motion in arrest, alleging that the verdict was riot responsive to the provisions of Act No. 14 of the Second Extra Session of 1934, as amended by Act No. 82 of 1938, and that the verdict and the statute were violative of the Fourteenth Amendment of the Federal Constitution, U.S.C.A. The motion was overruled, the defendant was sentenced, and this appeal followed.
 

 The narcotic drug that defendant was charged with unlawfully possessing and having under his control was three capsules of heroin. During the trial of the case, Louis O’Neil, a detective, was sworn as a witness for the State. When questioned on cross-examination relative to defendant’s alleged possession of the three capsules of heroin, the witness volunteered the statement that he had information Martin (defendant) was selling them. Counsel for defendant objected to this statement and requested the trial judge to order a mistrial. The trial judge sustained the objection and instructed the jury to disregard the statement, but he refused to order a mistrial. Defendant complains of this ruling.
 

 Defendant’s complaint is not well founded. The unsolicited statement of the witness, to which objection was made, furnishes no ground for setting aside the verdict. The trial for a criminal offense can not be defeated or nullified by the act of a witness in making a statement which he should not malee and for which the prosecution is not responsible. State v. Rugero, 117 La. 1040, 42 So. 495; State v. Jones, 118 La. 369, 42 So. 967; State v. Wall, 167 La. 413, 119 So. 410; State v. Goodwin, 189 La. 443, 179 So. 591.
 

 Defendant’s other complaint is that the verdict was not responsive to the provisions of Act No. 14 of the Second Extra Session of 1934, as amended by Act No. 82 of 1938, in that the statute, as amended, affects only a designated class of persons in which defendant is not included.
 

 Defendant was indicted, tried and convicted of violating section 2 of Act No. 14 of the Second Extra Session of 1934, as amended by Act No. 82 of 1938, making it unlawful for any person to possess any narcotic drug, except as authorized by the statute. On the former hearing of this case, we held that this statutory provision was constitutional. Having failed in his attack on the constitutionality of the statute, defendant now seeks to limit its application to those persons who, by its terms, prescribe, dispense, deal in, and distribute narcotic drugs, under which limitation defendant, as a mere possessor of a narcotic drug, would not be amenable to the law.
 

 Subsection 15 of section 1 defines the kind of narcotic drugs covered by the act. Subsection 1 of section 1 of the act defines the term “person” as used in the act. Under the statutory definition, a person who violates the law may include one -or more individuals, as well as “any corporation, association, or co-partnership.” It is as an individual that defendant is charged with violating the statute. He is not charged as a manufacturer, wholesaler, retailer, physician, dentist,
 
 *1141
 
 veterinarian, public official, master of a ship or of an air-craft. Nor is he charged as a mere possessor of one of the narcotic drugs covered by the act. But he is charged as the
 
 unlawful
 
 possessor of such a drug.
 

 Section 8 of the statute specifically exempts from its application the possessor of certain medicinal preparations, and other provisions of the statute expressly authorize the possession of narcotic drugs by individuals. But under the charge as laid in the indictment, defendant’s alleged possession of a narcotic, drug does not fall within any of the statutory exemptions. Whether defendant is guilty or innocent of the charge as set forth in the indictment is a question of fact, which this Court has no jurisdiction to review. State v. Humphreys, 187 La. 563, 175 So. 61.
 

 Defendant insists that the Legislature, in adopting the statute under review, intended to reach only a designated class of persons and that defendant is not one of the persons embraced in the designated class. In interpreting the statute, we must keep in mind that its object is to regulate and control the traffic in and the use of substances or preparations that are extremely injurious to the moral qualities and physical structures of human beings. One of the purposes of the statute, as disclosed by its title, is to make uniform the law relating to narcotic drugs. The statute itself, in section 25, declares that it is to be known as the Uniform Narcotic Drug Act. The effect of the statute and of similar statutes adopted by other states is to make uniform the law regulating and controlling the dealing in and the use of certain dangerous drugs. In effectuating its purpose, since the administration or use of a narcotic drug is in many cases a human and humane necessity, certain responsible persons must be entrusted with the possession of such drugs, if they are to be available for human needs. As set forth in the act, the persons authorized to possess or to control narcotic drugs are persons in charge of a hospital or a laboratory, certain public officials and employees, manufacturers, wholesalers, retailers, physicians, dentists, veterinarians, apothecaries, and masters or other proper officers of a ship or aircraft.
 

 The statute also provides that an ordinary individual may possess a narcotic drug if he be authorized to do so and points out in express terms how that authorization may be obtained. In order to force all persons to acquire a narcotic drug in the manner prescribed by the statute and thereby enjoy the legal possession thereof, the Legislature, in adopting the Uniform Narcotic Drug Act, has necessarily penalized its illegal possession, which results in all cases where the narcotic drug has been acquired in violation of the statutory provisions. The Legislature has done this in the only effective way possible by penalizing the unauthorized possession of a narcotic drug, that is to say, possession that was not obtained in the manner and under the circumstances prescribed by the stat
 
 *1143
 
 ute. It is not possible to restrict the possession of a narcotic drug to the persons who. must necessarily possess it, except by making unlawful the possession of the drug by any other person. The statute provides generally that no person, which includes an ordinary individual, shall possess a narcotic drug except if he be authorized to do so. The statute, providing for the regulation and control of the distribution of narcotic drugs prescribes the conditions under which an ordinary individual may lawfully obtain possession of the drug. If he obtains possession of the drug in any other manner, the statute denounces such possession as unlawful and imposes a' penalty for such unlawful possession.
 

 The defendant relies greatly upon the case of United States v. Jin Fuey Moy, 241 U.S. 394, 36 S.Ct. 658, 60 L.Ed. 1061, Ann.Cas.l917D, 854. As shown by the later case of Nigro v. United States, 276 U.S. 332, 48 S.Ct. 388, 72 L.Ed. 600, the construction placed by the Court in the Jin Fuey Moy case on the statute involved there was very narrow. We find nothing in the opinion of the Court interpreting the Federal act involved in the Jin Fuey Moy case requiring us to restrict the application of the State statute to the prescriber, seller, dispenser, dealer, or distributor of narcotic drugs. The other Federal cases relied upon by defendant contain nothing at variance with the views which we have herein expressed.
 

 The defendant has not submitted any argument in support of his contention that the verdict and the statute violate the Fourteenth Amendment of the Federal constitution; hence, it is not necessary for us to discuss that contention.
 

 For the reasons assigned, the verdict and sentence appealed from are affirmed.
 

 LAND, J., absent.