72 So.2d 306

**STATE v. BARBARIAN.**

No. 41500.

March 22, 1954.

Rehearing Denied April 26, 1954.

G. Wray Gill, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., and Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

FOURNET, Chief Justice.

The defendant, Charles Barbarian, is appealing from his conviction and sentence for the crime of simple burglary, relying on two alleged errors committed during the course of his trial—the first, when the trial judge refused to order a mistrial because of the unsolicited statement of a State witness that "He [defendant] admitted he fooled with dope," and the second, when his motion for a new trial was denied. Bills of exception were reserved in each instance.

During the trial of the case a State witness, police officer Charles Ruhl, having testified somewhat at length about apprehending the accused and presenting him to the prosecuting witness who had identified him as the man she had discovered in her bedroom, in answer to the District Attorney's question: "And what, if anything, did he [defendant] say at the time

that she identified him?" said: "He said it wasn't true, that he didn't fool with white women. He admitted he fooled with dope." Whereupon counsel for the defendant moved for a mistrial, which was denied by the trial judge who promptly instructed the jury: "The gentleman is on trial for the particular offense for which he is here seated. You are in no manner, shape or form to consider any statement made without any regard or connection to this particular case. The response of the witness, whatever it may have been, you are specifically urged and enjoined to wipe from your minds and pay no attention to it whatsoever." Bill of Exception No. 1 was then reserved, and counsel for the defendant is contending here that the remark was of such a prejudicial nature that it could not be cured by the instruction of the judge to the jury.

■ The defendant's complaint is not well founded. As pointed out in the case of State v. Martin, 193 La. 1036, 192 So. 694, 695,[1] "The unsolicited statement of the witness, to which objection was made, furnishes no ground for setting aside the verdict. The trial for a criminal offense can not be defeated or nullified by the act of a witness in making a statement which he should not make and for which the prosecution is not responsible." See, also, State v. Rugero, 117 La. 1040, 42 So. 495; State v. Wall, 167 La. 413, 119 So. 410; State v. Goodwin, 189 La. 443, 179 So. 591; State v. Burkhalter, 211 La. 342, 30 So.2d 112.

■ The second bill of exception presents nothing for our consideration, having as its basis the usual stereotyped complaint that the verdict is contrary to the law and the evidence, and the alleged error disposed of above. The suggestion of counsel for defendant that this Court should not decide the motion for a new trial without first ordering that the transcript be completed, arguing that the alibi of the defendant was of such consistency and general continuity that the verdict should have been one of not guilty and that the complete transcript would show his innocence, is without basis inasmuch as our appellate jurisdiction is limited to questions of law alone. The question of the guilt or innocence of the accused is one peculiarly within the province of the jury.

For the reasons assigned, the conviction and sentence are affirmed.

1. In that case the defendant was charged with unlawfully possessing and having under his control three capsules of heroin; a State witness, upon being questioned relative to defendant's alleged possession of the capsules, replied that he had information the defendant was selling them, whereupon the trial judge sustained defendant's objection and instructed the jury to disregard the statement, but denied his motion for a mistrial.